UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MICHELLE WILLIAMS,

        Plaintiff,

  - against -

CITY OF NEW YORK POLICE DEPARTMENT,

        Defendant.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
11-CV-01963 (RRM)(JMA)

ROSLYNN R. MAUSKOPF, United States District Judge.

Plaintiff filed the instant action on April 21, 2011. For the reasons set forth below, plaintiff's complaint is dismissed with prejudice.

## BACKGROUND

On April 21, 2011, plaintiff Michelle Williams ("plaintiff"), through counsel, commenced this action against the City of New York Police Department ("defendant") alleging discrimination in employment pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17, as well as New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297, and New York City Human Rights Law, N.Y. City Admin Code §§ 8-101 to 131. (Complaint ("Compl."), Doc. 1.) Plaintiff claims she was subjected to unequal terms and conditions of employment, failure to promote, and retaliation based on her sexual orientation.[1] (Compl. ¶ 7.)

Although this action commenced almost one year ago, it has made remarkably little progress toward resolution. On July 14, 2011, in accordance with the undersigned's individual

---

[1] Plaintiff checked the "gender/sex" box on the form complaint. However, she wrote in "Lesbian," demonstrating that her claim is not based on her gender, but is instead based on her sexual orientation. (Compl. ¶ 7.)

practices, defendant filed a letter requesting a pre-motion conference regarding a proposed motion to dismiss. (First Mot. for Premotion Conference, Doc. 4.) Also on July 14, 2011, counsel for all parties appeared before Magistrate Judge Joan M. Azrack for an initial conference. Judge Azrack directed plaintiff's counsel to respond to defendant's request for a premotion conference. (*See* Minute Entry for Proceedings before M.J. Azrack, Doc. 7.) On March 13, 2012, when plaintiff had still not responded, the Court issued the following order:

> ORDER TO SHOW CAUSE. Plaintiff has failed to comply with the Order of Magistrate Judge Azrack entered 7/14/2011, directing plaintiff to respond to the issues raised in defendant's request to move for dismissal 4. Indeed, there has been no substantive activity in this matter for well over six months. Plaintiff is hereby ORDERED to SHOW CAUSE IN WRITING, by March 20, 2012, why this action should not be dismissed 1) for failure to prosecute, and/or 2) for the reasons set forth in defendant's pre-motion conference request 4. Ordered by Judge Roslynn R. Mauskopf on 3/13/2012. (Mauskopf, Roslynn) (Entered: 03/13/2012)

To date, plaintiff has failed to respond to the directive of the Magistrate Judge and has flouted the Order of this Court. Thus far, plaintiff's failure has resulted in delaying this litigation for almost nine months, with no indication of any intent to pursue it further.

## STANDARD

A district court has the inherent power to manage its own affairs "so as to achieve the orderly and expeditious disposition of cases." *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). Consistent with that inherent authority, applicable law explicitly empowers a district court, in the exercise of its sound discretion, to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order[.]" Fed. R. Civ. P. 41(b); *see Lewis*, 564 F.3d at 575 (noting that the standard of review is abuse of discretion). Because dismissal on such grounds is unquestionably a "harsh remedy" that should be used only in "extreme situations," *Lewis*, 564 F.3d at 576

(citations omitted), a court considering such action should examine five factors. Specifically, a court should consider whether:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id.* (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). No one factor is dispositive. *Id.* In weighing the five factors, a court must consider the record of the entire case as a whole. *Id.* A court may find the standard for dismissal satisfied where it finds a "pattern of dilatory tactics" or "an action lying dormant with no significant activity to move it." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

All five factors weigh in favor of dismissal. First, plaintiff has neither advanced her claims nor opposed defendant's proposed motion to dismiss. Instead, plaintiff allowed her case to lie dormant with no activity for almost nine months. That length of time is sufficient to justify dismissal. *See e.g.*, *Antonio v. Beckford*, No. 05 Civ. 2225, 2006 U.S. Dist. LEXIS 71859, at *7–9 (S.D.N.Y. Sept. 29, 2006) (citing decisions dismissing cases for delays of three months or more). Second, plaintiff was given notice that failure to respond could be grounds for dismissal. The Court's Order to Show Cause specifically required plaintiff to show why her action should not be dismissed for failure to prosecute or for the reasons given by defendant in its request for a premotion conference. Third, applicable case law establishes a presumption that a plaintiff's unreasonable delay may prejudice the defendant. *See, e.g.*, *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999) (citing *Lyell Theatre Corp.*, 682 F.2d at 43). Fourth, this dormant case has remained on the court's docket for almost nine months, and there is no indication that plaintiff will move it forward in the future. Finally, no lesser sanction than dismissal is likely to

3

be effective given plaintiff's failure to respond to the Court's Order explicitly listing failure to prosecute as a potential ground for dismissal.

## CONCLUSION

For the reasons set forth above, plaintiff's complaint is dismissed. The Clerk of Court is respectfully requested to enter judgment for defendant and close this case.

SO ORDERED.

Dated: Brooklyn, New York
      May 18, 2012

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge